UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

SHANE KESTER,

    Petitioner,

vs.

J.C. ZUERCHER,

    Respondent.

Civil Action No. 7:09-73-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Shane Kester is an individual incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. Kester has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has now paid the $5 filing fee. [R. 7] Through his petition, Kester seeks immediate release from federal custody on the ground that the Bureau of Prisons ("BOP") properly released him from prison after full service of his term of incarceration on January 8, 2009, and that his subsequent re-arrest by the BOP on January 22, 2009, (1) is based upon an erroneous re-calculation of his release date, and (2) even if correct, the BOP's prior release now estops it from detaining him further.

The Court screens habeas corpus petitions pursuant to 28 U.S.C. § 2243. *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). Kester's *pro se* petition is held to a more lenient standard than one drafted by an attorney. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court assumes his factual allegations are true and liberally construes claims in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it

may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.      **Background**

In his petition, Kester indicates that in 2000 he was charged and convicted by the State of Iowa for one bank robbery and by a federal court in Peoria, Illinois for another bank robbery. The State of Iowa sentenced him first, to a 10-year prison term. The federal court in Illinois sentenced him next, on October 19, 2001, to a 57-month prison term for the second bank robbery, with 21 months of that term to be served concurrently with the Iowa sentence and the remaining 36 months to be served consecutively to the Iowa sentence. *United States v. Kester*, 00-CR-10082, Central District of Illinois. The federal court also sentenced him on October 23, 2001, to a 18-month prison term for violating his pre-existing supervised release, to be served consecutively to the Iowa term, although the judgment and commitment order is silent on whether that sentence was to run concurrently or consecutively to the federal bank robbery conviction. Kester was then returned to Iowa custody to begin service of his state term.

The Iowa Board of Parole granted Kester parole effective December 20, 2007, and on January 24, 2008, he was released to federal custody pursuant to a detainer on the 18-month conviction for violating his supervised release. Kester indicates that members of his unit team repeatedly advised him that he was scheduled to be released on January 8, 2009, and that he would not be subject to any outstanding term of supervised release thereafter. Such calculations appear plausible and likely correct if only the 18-month term for violating his supervised release is considered, but self-evidently failed to include 36 months remaining on his federal bank robbery conviction.

Nonetheless, the BOP released Kester on January 8, 2009. Apparently the BOP quickly

realized its mistake, and after directing him to return to Illinois from Florida, re-arrested him on January 22, 2009, and returned him to federal prison. Kester challenged the BOP's actions by filing a grievance with the warden on March 31, 2009, which the warden denied on April 3, 2009, based upon the Designation and Sentence Computation Center's re-calculation of his sentence. Kester indicates that he appealed that determination to the BOP's Mid-Atlantic Regional Office ("MARO"), but that MARO has not responded within the time frame it is permitted to do so under applicable BOP regulations. Notwithstanding MARO's failure to timely respond, Kester indicates he has not appealed to the BOP Central Office as permitted under 28 C.F.R. § 542.18.

## II.   Discussion

As the Court has previously indicated, full and proper exhaustion of administrative remedies is necessary in this case to ensure an adequately developed record, particularly in light of the factual complexities intrinsic in sentence calculation. If the BOP has made a mistake, the exhaustion doctrine also exists to afford that agency the first opportunity to correct it. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

While Kester asserts that the BOP has adopted a firm and inflexible position on the matter and hence exhaustion would be "futile," courts typically only find exhaustion futile where the agency has adopted a position to be applied uniformly to all similarly-situated persons. Here the BOP has merely rejected Kester's calculation of his sentence and his argument that the BOP is estopped to enforce his criminal conviction now. This is an individualized determination made by the warden, and plainly falls outside the scope of the limited exception described in *Colton v. Ashcroft*, 299 F. Supp.2d 681, 689 (E.D. Ky. 2004). Kester understandably seeks prompt judicial review of his claim, but the Court's review must come after the BOP is afforded appropriate deference by giving

3

it the first opportunity to review its decision and correct any mistakes.

Finally, Kester asks the Court to excuse exhaustion because, he alleges, he has already served his entire sentence and further delays in his release would only compound the injury. Without expressing any determinative conclusions on the correct calculation of his sentence, the injury Kester claims appears highly speculative. Kester was released to BOP custody in January 2008 to serve both a 18-month term for violating the terms of his supervised release and the remaining 36 months on the federal bank robbery conviction.[1] It is difficult to fathom, at least based upon the record before the Court, how Kester could satisfy this 4½-year commitment in one year. Without a much stronger showing as to the merits of his claim that he is entitled to an immediate release from custody, the Court finds no equitable ground to excuse exhaustion of his administrative remedies.

While Kester's failure to exhaust his administrative remedies requires that his petition be denied without prejudice regarding the proper calculation of his sentence, Kester's claim that his premature release from federal custody estops the government from incarcerating him now is simply without merit. The BOP's miscalculation of Kester's sentence and his subsequent premature release, while unfortunate, do not constitute the kind of affirmative misconduct necessary to satisfy the stringent requirements for the application of an estoppel against the federal government, particularly with regard to a criminal sentence. *Cf. Russie v. United States Dept. of Justice*, 708 F.2d 1445 (9th Cir. 1983); *Green v. Christiansen*, 732 F.2d 1397 (9th Cir. 1984) ("The prison authorities had the power to recommit Green after he was released by mistake so long as his sentence would not have expired had he remained in confinement."). The Court will therefore deny that claim with prejudice.

---

[1] Under 18 U.S.C. § 3584(b), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

**III.     Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Kester's Motion for Reconsideration [R. 9] is **DENIED**.

2. Kester's Motion to Allow Discovery [R. 8] is **DENIED**.

3. Kester's Petition for a Writ of Habeas Corpus [R. 2] is **DENIED WITH PREJUDICE** with respect to his claim that the United States is estopped to enforce the criminal judgment against him, and **DENIED WITHOUT PREJUDICE** with respect to the proper calculation of his sentence.

4. The Court will enter an appropriate Judgment.

Dated this 22nd day of June, 2009.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge